NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| M. NASAR QURESHI, M.D., PhD, | CIVIL ACTION NO. 18-1280 (JLL) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| NAVIGATORS INSURANCE COMPANY, | |
| Defendant. | |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

1. The Court ordered the parties to show cause why this action, *inter alia*, should not be transferred to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). (ECF No. 6.) The defendant, Navigators Insurance Company (hereinafter, "the Insurer"), supports such a transfer. (ECF No. 12 through ECF No. 12-4; ECF No. 15.) The plaintiff, M. Nasar Qureshi, is opposed to a transfer. (ECF No. 10; ECF No. 14.)

2. The Court resolves its Order to Show Cause upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b).

3. The Court will not restate the contents of the Order to Show Cause, as the

familiarity of the parties with its contents is assumed. For the following reasons, the Court transfers the instant federal action to United States District Court for the Northern District of Illinois.

**4.** Shahid Rashid is a member and an officer of the Association of Physicians of Pakistani Descent of North America (hereinafter, "the Association"), which has its headquarters in Westmont, DuPage County, Illinois. (ECF No. 1-1 at 4–5.) Qureshi is also a member and an officer of the Association. (*Id.* at 5.) The Insurer provided officer-liability coverage to the Association and to its officers for any actions taken in their official capacities. (*Id.* at 6.)

**5.** In September 2016, the Association conducted an election for the position of President by utilizing an electronic balloting system. (ECF No. 12-3 at 3.) Rashid ran for that office. (*Id.*) However, the election was halted by the Association, Qureshi, and several other officers when an alleged fraudulent scheme to electronically hack the election process was discovered. (*Id.* at 3–4.) In doing so, Qureshi and other officers allegedly defamed Rashid by insinuating to all of the Association's members that Rashid was involved in that fraudulent scheme in order to attempt to ensure his own election as President. (*Id.* at 4–7.)

**6.** Rashid then brought an action to recover damages for defamation against the Association, Qureshi, and six other officers in an Illinois state court located in DuPage County, Illinois in September 2017 under Case Number 2017-L-991 (hereinafter,

"the Illinois State Tort Action"), which remains pending. (ECF No. 1-1 at 4–5 (Qureshi's complaint stating the same); *see also* ECF No. 1 at 2 (the Insurer's notice of removal stating the same); ECF No. 10 at 4 (Qureshi stating the same in a brief); ECF No. 12-1 at 80–90 (the complaint in the Illinois State Tort Action); ECF No. 12-3 at 2–12 (same).)

7. Qureshi, who is a New Jersey citizen, then brought the instant action in New Jersey state court three months later in December 2017 for a judgment declaring that the Insurer is obligated to defend and indemnify him in the Illinois State Tort Action. (ECF No. 1-1 at 4–10.) The Insurer removed the instant action to this Court based upon diversity jurisdiction; the Insurer is deemed to be a citizen of both New York and Connecticut. (ECF No. 1.)

8. Soon thereafter, and while the Court's Order to Show Cause was pending, the Insurer brought an action in the United States District Court for the Northern District of Illinois (hereinafter, "the Illinois Federal Action") for a judgment declaring that it is not obligated to defend and indemnify the Association and its officers in the Illinois State Tort Action. *See Navigators Insurance Company v. Association of Physicians of Pakistani Descent of North America, et al.*, N.D. Ill. No. 18-2295. In addition to naming the Association in the Illinois Federal Action, the Insurer named Qureshi and the six other officers who were named by Rashid in the Illinois State Tort Action. (ECF No. 12-1 at 2–37.)

9. It is not necessary for the Court to restate the standard to be applied when

determining whether to transfer a federal action to a different venue pursuant to Section 1404(a), because that standard has already been enunciated and is well-settled. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–84 (3d Cir. 1995) (setting forth the standard and the factors to be considered); *see also In re Amendt*, 169 F. App'x 93, 96 (3d Cir. 2006) (reiterating the holding in *Jumara*). However, it should be noted that the Court possesses the broad discretion to transfer an action to a federal district court where the action might have been brought. *See* 28 U.S.C. § 1404(a); *see also Jumara*, 55 F.3d at 883 (holding that "section 1404(a) was intended to vest district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer").

10. The Court concludes that it would be more appropriate for the instant action to be litigated in a federal district court in the Northern District of Illinois, and therefore the Court transfers the instant action there.

11. The following factors overwhelmingly weigh in favor of such a transfer:

(a) the conduct underlying the instant action is centered around a geographic location that is covered by the Northern District of Illinois, *i.e.*, DuPage County, Illinois, *see* Jury Information, U.S. District Court for the N.D. Ill., http://www.ilnd.uscourts.gov/JuryInfo.aspx?AIRPu6UzI58ik2f40p/oXQ== (indicating that the Eastern Division of the Northern District of Illinois "comprises the counties of Cook, *DuPage*, Grundy, Kane, Kendall, Lake, La Salle and Will" (emphasis added));

(b) the insurance policy under which Qureshi seeks coverage was issued to the Association within the geographic location covered by the Northern District of Illinois (ECF No. 12 at 7; *see also* ECF No. 12-2 at 3 (the declarations page for the insurance policy addressed to the Association in Westmont, Illinois));

(c) the Northern District of Illinois is a more convenient venue, because the Association and two of the individual defendants in the Illinois Federal Action, all of whom have interests at stake in the outcome of this coverage dispute, are Illinois citizens (ECF No. 12-1 at 5–6 (the complaint in the Illinois Federal Action alleging the same));

(d) other than Qureshi's citizenship, the dispute underlying the instant action has no connection to New Jersey;

(e) the Illinois State Tort Action, which was initiated several months before Qureshi brought the instant action in New Jersey, is being actively litigated within the area that is covered by the Northern District of Illinois, and thus it would be preferable for the purposes of coordination and administration for the instant action to proceed there; and

(f) the Illinois Federal Action will address the issue of whether the Insurer must provide coverage to several of the Association's officers, including Qureshi, and thus it would serve the goals of convenience and judicial efficiency to have the district court located at the center of this dispute decide the entire matter, rather than have one district court in New Jersey decide one part of the overall dispute in a piecemeal fashion.

**12.** The Court's determination to transfer the action to the Northern District of Illinois is supported by the case law of the Third Circuit Court of Appeals and the District of New Jersey. *See In re Christian*, 403 F. App'x 651, 652 (3d Cir. 2010) (denying a petition for a writ of mandamus to compel a Pennsylvania district court to vacate an order that transferred a case to a Virginia district court, and reasoning that not all of the defendants resided in Pennsylvania, and that the events at issue arose in Virginia); *Equipmentfacts, LLC v. Beazley Ins. Co.*, No. 16-955, 2016 WL 1385292, at *1 (D.N.J. Apr. 7, 2016) (transferring an action wherein the plaintiff sought a judgment declaring that the defendant insurer was obligated to defend and indemnify the plaintiff in an underlying Florida state court action to the Middle District of Florida, because the Florida state action was ongoing in the region that it served and the conduct at issue occurred there); *DLB Assocs. Consulting Eng'rs, P.C. v. Reynolds, Inc.*, No. 12-7524, 2014 WL 2011236, at *1–2 (D.N.J. May 16, 2014) (transferring an indemnification action that was brought by a New Jersey entity against a Georgia entity to the Northern District of Georgia, because there was related litigation in the Georgia state courts); *Ramada Worldwide, Inc. v. Bellmark Sarasota Airport, LLC*, No. 05-2309, 2006 WL 1675067, at *2–5 (D.N.J. June 15, 2006) (transferring a breach of contract action that was brought by a New Jersey entity against a Florida entity to the Middle District of Florida, because all of the underlying events were centered in Florida).

**13.** The fact that Qureshi is a New Jersey citizen does not outweigh the

aforementioned factors that make Illinois the more appropriate venue for the instant action, because New Jersey has little connection with the operative facts at issue here. *See Shubert v. Marriott Int'l, Inc.*, No. 15-5111, 2016 WL 245252, at *2 (D.N.J. Jan. 21, 2016) (holding in a civil action that "when the dispute central to a lawsuit arose from events that occurred almost exclusively in another state, as is the case here, courts give substantially less weight to the plaintiff's forum choice"); *Hoffer v. InfoSpace.com, Inc.*, 102 F. Supp. 2d 556, 573 (D.N.J. 2000) (holding that "[t]he choice of forum by a plaintiff is simply a preference; it is not a right"); *Nat'l Prop. Inv'rs VIII v. Shell Oil Co.*, 917 F. Supp. 324, 327 (D.N.J. 1995) (holding that a plaintiff's choice of venue is not "decisive," and that the choice is accorded less deference "when the central facts of a lawsuit occur outside of the chosen forum"). Furthermore, Qureshi cannot reasonably argue that Illinois is an inconvenient forum, as he is a member and an officer of the Association, which is based in Illinois.

**14.** Furthermore, the Court notes that the convenience of counsel is not a consideration as to the issue of the proper venue for a federal action. *See Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973).

**15.** The Court is authorized to address the propriety of transferring the instant action to another venue without addressing the issue of personal jurisdiction first. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). While "[t]he question of personal jurisdiction, which goes to the court's power to exercise control over the parties,

is typically decided in advance of venue, . . . a court may reverse the normal order of considering personal jurisdiction and venue," and thus the Court is empowered to transfer this action to the Northern District of Illinois now. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). For good cause shown:

**IT IS THEREFORE** on this  11th  day of July, 2018, **ORDERED** that this action is transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Illinois; and it is further

**ORDERED** for the benefit of the Clerk of the transferee district court that this action is related to *Navigators Insurance Company v. Association of Physicians of Pakistani Descent of North America, et al.*, N.D. Ill. No. 18-2295; and it is further

**ORDERED** that the Clerk of the United States District Court for the District of New Jersey designate this action as **CLOSED**.[1]

JOSE L. LINARES
Chief Judge, United States District Court

---

[1] To the extent the Court has not addressed all of the potential issues raised in the Order to Show Cause or by the parties in response thereto, the Court offers no opinion thereon and leaves those issues for the transferee court.